# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No.: 2:16-cv-231 |
| CHRISTOPHER SALIS, DOUGLAS MILLER, EDWARD MILLER, and BARRETT BIEHL, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION & ORDER

This is a civil action in which the Securities and Exchange Commission alleges two insider trading schemes hatched by Christopher Salis. (DE 1.) One of those schemes is the predicate for a 17-count indictment recently brought against Salis, Douglas Miller, and Edward Miller. (*Compare id.*, *with United States v. Salis*, No. 2:16-cr-148 (N.D. Ind. Oct. 19, 2016) (DE 1).) In both matters, Salis is alleged to have fed his friend Doug Miller material, nonpublic information about the pending acquisition of Concur Technologies, Inc. by Salis's employer, so that Miller and others could use that information to make (and share with Salis) a quick profit on the expected increase in Concur's stock price.

Because of the factual overlap between the cases, I asked the parties to brief whether this matter should be stayed. (DE 16.) The SEC took no position, and Douglas Miller and his brother Edward Miller don't oppose a stay. (*See* DE 18; DE 19.) Salis also

1

does not oppose a stay, but he seeks a ruling on Millers' pending motion to dismiss first. (DE 20.) Finally, the Department of Justice, the entity charged with prosecuting the criminal case, moves to intervene in this matter for the limited purpose of seeking a stay of the case. (DE 17.) For the reasons below, the DOJ's motion to intervene is granted, and this civil matter is stayed pending judgment in the criminal case.

## *DOJ's Motion to Intervene*

Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as a matter of right if: (1) the motion is timely; (2) the would-be intervenor has an interest related to the subject matter of the action; (3) that interest might be impaired by the disposition of the case; and (4) the interest will not be adequately protected by the existing parties. *See Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007). Those requirements are met here.

First, the DOJ's motion, which was filed during the time frame given to the parties for weighing in on the question of staying this matter, is timely. In addition, it's clear that the DOJ has an interest in this matter that might be impaired, seeing as the DOJ brought the parallel criminal case and "discovery in the civil case [could be] used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (per curiam). Last, although both agencies represent the interests of the United States, the SEC's and the DOJ's interests are different, and the SEC can't be expected to protect the interests of the DOJ. *See Sec. & Ech. Comm'n v. Ott*, 2006 U.S. Dist. LEXIS 86541, at *6 (D.N.J. Nov. 29, 2006) (stating that

the SEC's interests in enforcing the Securities Exchange Act of 1934 are not the same as the government's interest in a criminal prosecution); *see also generally Sec. & Exch. Comm'n v. Dresser, Inc.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980); *21st Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1011 (E.D.N.Y. 1992).

Even if the DOJ hadn't met the criteria for intervention as a matter of right, I would have granted permissive intervention under Rule 24(b)(1)(B) because the DOJ's criminal matter shares common questions of fact with this matter and because the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B); *see also Sec. & Exch. Comm'n v. Downe*, 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) (granting DOJ motion to intervene and stay); *First Merchs. Enter., Inc. v. Shannon*, 1989 WL 25214, at *3 (S.D.N.Y. Mar. 16, 1989) (same); *Sec. & Exch. Comm'n v. One or More Unknown Purchaser of Sec. of Global Indus.*, 2012 WL 5505738, at *2 (S.D.N.Y. Nov. 9, 2012) (granting motion to intervene and stay even though indictment was possibly six months away). Accordingly, the DOJ's motion to intervene for the limited purpose of moving for a stay is granted.

### *Staying the Civil Matter*

I asked the parties to brief whether this case should be stayed pending resolution of the criminal case because I had concerns that concurrent proceedings in the two matters might hamstring the criminal defendants' ability to fully exercise their Fifth Amendment rights. "The court has the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so

3

dictate." *Horton v. Pobjecky*, No. 12-C-7784, 2013 WL 791332, at *3 (N.D. Ill. Mar. 4, 2013) (citing *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005)). However, a stay is not required just because there is a parallel criminal proceeding. *See U.S. v. Certain Real Prop., Commonly Known as 6250 Ledge Rd., Egg Harbor*, 943 F.2d 721, 729 (7th Cir. 1991) (citations omitted); *but see generally Sec. & Exch. Comm'n v. Shanahan*, 2007 WL 3232248, at *2 (E.D. Mo. Oct. 30, 2007) (staying civil discovery where one party had been indicted for the same conduct); *see also generally Dresser*, 628 F.2d at 1376.

The bottom line in this case is that the civil and criminal matters involve nearly identical allegations. Indeed, three of the defendants in this case have also been indicted in the criminal matter. In all likelihood, they would want to invoke their rights under the Fifth Amendment when responding to discovery in this case, whether when answering interrogatories or being deposed. In a civil action, unlike a criminal case, a jury may draw adverse inferences against a defendant who invokes his Fifth Amendment right to remain silent. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001). That puts the defendants in an untenable position in this case. And let's be realistic: they face substantial prison terms if they are convicted. Given their present predicament, the defendants should be devoting their time, resources, and full attention to the criminal matter in an effort to avoid incarceration.

Ordinarily, the interests of the SEC would be on the other side of the equation, but here the SEC will not be prejudiced by a stay and doesn't oppose one. (*See* DE 18.)

4

Further, a stay would conserve judicial resources by allowing overlapping factual issues to be resolved or narrowed in the criminal matter first. *See United States v. All Meat & Poultry Prods. Stored at Lagrou Cold Storage,* 2003 WL 22284318, at *5 (N.D. Ill. Oct. 3, 2003); *Sec. & Exch. Comm'n v. Offill*, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008). In addition, Salis—the only party who opposes the stay—objects only insomuch as he wants the Millers' motion to dismiss to be handled first. Of course, Salis is not a party to the Millers' motion to dismiss, and, in any event, I disagree with him that it makes sense to dedicate judicial resources to deciding that motion now, when the outcome of the criminal matter may resolve some issues that need to be decided in this matter and may change the parties' thinking about how to proceed in this case.

Finally, staying the civil matter is in the public interest. For one thing, discovery in criminal cases is by design more narrow than civil discovery, and "[t]he public has an interest in ensuring the criminal discovery process is not subverted" *Morris v. Am. Fed'n of State, Cnty, & Mun. Emps.*, 2001 WL 123886, at *2 (S.D.N.Y. Feb. 9, 2001). In addition, the public has an interest in "the effective prosecution of those who violate the securities laws" that counsels in favor of temporarily putting off the civil matter until after the criminal investigation and prosecution are resolved. *See In re Worldcom, Inc. Sec. Litig.*, 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002); *see also Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("Administrative policy gives priority to the public interest in law enforcement.").

For all of these reasons, a stay of this civil matter is in the interests of justice.

## Conclusion

Accordingly, the Department of Justice's Motion to Intervene and Stay Proceedings (DE 17) is **GRANTED**, and this matter and all other pending motions are **STAYED** pending judgment in *United States v. Salis*, No. 2:16-cr-148 (N.D. Ind. Oct. 19, 2016).

**SO ORDERED.**

Entered: December 14, 2016.

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT
